UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

        Plaintiff,

v.                                                                                                  Case No: 6:14-cr-43-Orl-41DCI

**DONOVAN G. DAVIS, JR.**

        Defendant.

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. 305)** |
| **FILED:** | May 4, 2017 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I.   Procedural Background

On May 14, 2015, a jury found Defendant Donavan G. Davis, Jr. (Defendant) guilty of several criminal offenses, including conspiracy, mail fraud, wire fraud, and money laundering, following a multi-day jury trial at which Defendant was represented by counsel. Doc. 142. On May 27, 2015, Defendant, still represented by counsel, filed a renewed motion for judgment of acquittal and a motion for new trial (Doc. 152), which the Court later denied. *See* Doc. 156. On September 3, 2015, following a hearing at which Defendant was represented by two new attorneys,

the Court entered judgment and sentenced Defendant to a term of imprisonment. Doc. 190.[1] Defendant, through counsel, appealed his conviction and sentence and paid the filing fee. *See* Docs. 192; 208.[2]

In 2016, Defendant began filing *pro se* motions requesting a new trial. *See, e.g.*, Doc. 212. The Court struck the first of these motions (and a subsequent motion for reconsideration) because it was prepared and submitted by an inmate incarcerated with Defendant who was not licensed to practice law in the State of Florida or before the Court. Docs. 212; 213; 214; 215.

On April 4, 2016, Defendant filed another *pro se* motion for new trial, and the Court directed the government to respond to that motion. Docs. 217; 218. Following the government's response and a *pro se* reply by Defendant, two new attorneys appeared in the case on behalf of Defendant – Attorneys Thomas Sadaka and Kellie Tomeo. Docs. 219; 222; 223.[3] At a hearing held on April 27, 2016, Attorneys Sadaka and Tomeo requested, and were granted, leave to file an amended motion for a new trial. Doc. 228. The Court then struck Defendant's *pro se* motion (Doc. 217), the government's response thereto (Doc. 218), and Defendant's *pro se* reply (Doc. 222). Docs. 228; 229. Further, the Court stated in its Order that: "**Donovan Davis is represented by counsel and anything filed on his behalf should be through his counsel.**" Doc. 229 (emphasis in original).

---

[1] An Amended Judgment was entered on September 23, 2015. Doc. 207.

[2] During this period, Defendant was represented by Attorneys Patrick Megaro and Jaime Halscott, both of whom represented defendant at sentencing and in filing his first notice of appeal. *See, e.g.*, Doc. 189; 208. Later, Attorney Alex Strassman of GrayRobinson PA took over the direct appeal (No. 15-13997-FF). *See, e.g.*, Docs. 284; 285 (in which attorneys Megaro and Halscott sought leave to withdraw).

[3] Attorneys Sadaka and Tomeo made a general appearance in this case and – as of the date of this Report – have not sought, or been granted, leave to withdraw. Doc. 223; *see also* Local Rules 2.03(a) and (b).

Despite that admonition, on May 2, 2016, Defendant, not through counsel, filed a "Notice of Willingness to Testify" identifying an inmate that was willing to testify on Defendant's behalf. Doc. 230.  The Court struck that document and again admonished Defendant that: "**Donovan Davis is represented by counsel and anything filed on his behalf should be through his counsel.**"  Doc. 231 (emphasis in original).

Again, on May 6, 2016, Defendant, not through counsel, filed two additional documents, both of which were stricken by the Court, with the admonition that: "**Donovan Davis is represented by counsel and anything filed on his behalf should be through his counsel** . . ." Docs. 232; 233; 234 (emphasis in original).

On June 24, 2016, Defendant, through Attorneys Sadaka and Tomeo, filed a motion for new trial.  Doc. 236.  The government responded thereto (Doc. 245) and Defendant, through his attorneys, filed an authorized reply (Doc. 248).  During this time, Attorneys Sadaka and Tomeo – on behalf of Defendant – filed various motions and otherwise litigated this case.  *See* Docs. 235; 239; 241; 242; 246; 257; 260; 261; 262; 263.

On December 21, 2016, the Court denied Defendant's motion for new trial.  Doc. 275. Attorneys Sadaka and Tomeo filed a notice of appeal as to the Order denying the motion for new trial.  Doc. 276.  Defendant also paid the filing fee for that appeal.  Doc. 279 (USCA Number: 16-17781-F).

On January 17, 2017, Defendant filed a *pro se* "Cross-Notice of Appellate Filing," in which Defendant provided the Court with notice that he had filed a motion with the Eleventh Circuit seeking to proceed "in proper person on direct appeal."  Doc. 281.  The caption of Defendant's

3

motion identified both the appellate case numbers for both his direct appeal (No. 15-13997-FF) and his appeal of the denial of his more recent motion for new trial (No. 16-17781-F).[4]

On April 12, 2017, Defendant filed a *pro se* motion seeking the recusal of United States District Judge Carlos E. Mendoza, the presiding district court judge in this case. Doc. 295. The Court entered an Order denying that motion, and finding no basis for recusal. Doc. 296. Defendant then filed a pro se motion seeking clarification of the Order. Doc. 297. The Court entered an Order denying the motion for clarification. Doc. 298 (collectively, the Orders (Docs. 296 and 298) denying the *pro se* motions for recusal and for reconsideration are referred to as the Orders).

Shortly thereafter, Defendant filed a *pro se* document, and the undersigned entered the following order:

> This matter is before the Court on the "Application to Proceed in District Court without Prepaying Fees or Costs (Short Form)" filed by *pro se* Defendant Donovan G. Davis, Jr. on May 1, 2017. Doc. 299 (AO Form 240). Although docketed as a "Motion for Leave to Appeal IFP," the filed document makes no reference to a request to appeal *in forma pauperis*. *Id*. Further, Defendant Donovan G. Davis, Jr. is represented by counsel (attorneys Kellie Tomeo and Thomas Sadaka) and has an appeal already filed, for which the Defendant paid the filing fee. *See* Docs. 276; 279.
>
> Accordingly, to the extent that the document filed on May 1, 2017 (Doc. 299) is a motion, it is **DENIED**.

Doc. 301. It is possible that the document filed on May 1, 2017 was Defendant's first attempt to proceed on appeal *in forma pauperis* as to an appeal of the Orders.

---

[4] At this juncture, Defendant was represented by two different sets of attorneys in regards to each pending appeal – Attorney Strassman as to the direct appeal (No. 15-13997-FF) and Attorneys Sadaka and Tomeo as to the appeal of the recently denied motion for new trial (No. 16-17781-F). *See, e.g.*, Docs. 284; 285 (in which attorneys Megaro and Halscott sought leave to withdraw).

On May 3, 2017, Defendant filed a *pro se* notice of appeal, explicitly seeking to appeal the Orders, and setting forth the following bases for appeal:

> Donovan Davis files this notice of appeal from the district court's orders of April 17, 2017 (DE 296) and April 21, 2017 (DE 298).
>
> Mr. Davis intends to appeal among other claims: (1) the district court's failure to permit self-representation; (2) the district court's decision to deny a Rule 33 motion before it was filed; (3) the district court's refusal to recuse the Honorable Carlos Mendoza; and (4) the district court's failure to reconsider the decision on self-representation and the denial of a motion before it was filed.
>
> The recusal issue and failure to conduct a hearing on Mr. Davis's ability to represent himself are being addressed in the writ of mandamus.

Doc. 304.  Once transmitted to the Eleventh Circuit, this third appeal was given case number 17-12057-F.

Following the notice of appeal, Defendant filed a *pro se* Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which the Court construed as a motion for Defendant to proceed on appeal *in forma pauperis* (the Motion), and which is the motion now before the undersigned for a report and recommendation.  Doc. 305.  In the Motion, Defendant wrote that during the past 12 months he has a monthly income of $600.00 per month that is made up of "gifts."  *Id*. at 1-2.  This would be an annual income of $7,200.00.  This is somewhat consistent with the inmate account information attached to the Motion, which shows that Defendant withdrew $4,799.70 from his inmate account in the last six months, and currently has a balance of $52.34.  Doc. 305-1.  Defendant also wrote in the Motion that his monthly expenses are $540.00 per month, which included food costs of $360.00, clothing costs of $30.00, medical and dental costs of $30.00, and restitution of $50.00.  Doc. 305 at 4-5.  Of course, Defendant is an inmate in the custody of the Bureau of Prisons.

On May 8, 2017, in the direct appeal (No. 15-13997-FF) in which Defendant is represented by Attorney Strassman, the Eleventh Circuit (J. Wilson) denied Defendant's *pro se* motions to proceed *pro se* on appeal and to discharge retained counsel that were filed with the Circuit. In the appeal of the motion for new trial (No. 16-17781-F) in which Defendant is represented by Attorneys Sadaka and Tomeo, a similar *pro se* motion to proceed *pro se* on appeal remains pending before the Circuit. In the appeal of the Orders (No. 17-12057-F) that are the subject of the Motion, the appeal is docketed with the Eleventh Circuit, and the Motion before the undersigned is noted as pending.

## II.     Discussion

The undersigned respectfully recommends that the Motion should be denied for three, separate reasons: (1) Defendant is represented by counsel and cannot file motions *pro se*; (2) the Motion is frivolous and the appeal is not taken in good faith; and (3) Defendant is not a pauper for purposes proceeding *in forma pauperis* on appeal.

First, the Motion, which Defendant filed *pro se*, should be denied because Defendant is represented by Attorneys Sadaka and Tomeo in this criminal case. *See* Local Rule 2.03(d); *United States v. Miller*, 432 F. App'x 955, 961 (11th Cir. 2011) (finding no error when district court struck a *pro se* motion filed by a represented defendant and the motion was without merit); *see also United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987) ("It is the law of this circuit that the right to counsel and the right to proceed *pro se* exist in the alternative . . . ."). As such, Defendant cannot proceed *pro se* while represented by counsel in this case, and the Motion, which was filed *pro se*, should be denied, if not simply stricken. The Court has stricken several of Defendant's *pro se* filings, and has repeatedly admonished Defendant that he "**is represented by counsel and anything filed on his behalf should be through his counsel**." *See, e.g.*, Doc. 231

(emphasis in original).  Counsel are representing Defendant not only in this criminal case, but also in two, separate appeals filed in relation to this criminal case.  Defendant has explained in filings to this Court and the Eleventh Circuit that his "sterling post-trial attorneys" have done an "admirable job."[5]  *See, e.g.*, Doc. 281-1 at 3.  If Defendant must file a notice of appeal, or seek to proceed *in forma pauperis*, he has counsel who can assist him.

Second, the Motion should be denied because the issues presented in the underlying appeal are frivolous.  An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3).  The good faith standard is an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issues presented are frivolous.  *Id*.  Defendant seeks to appeal the Orders on the following grounds: "(1) the district court's failure to permit self-representation; (2) the district court's decision to deny a Rule 33 motion before it was filed; (3) the district court's refusal to recuse the Honorable Carlos Mendoza; and (4) the district court's failure to reconsider the decision on self-representation and the denial of a motion before it was filed."  Doc. 304.  A review of the motion for recusal (Doc. 295) and the motion for reconsideration (Doc. 297) reveal that those motions are entirely without substantive merit.  Further, they were unpermitted *pro se* filings and subject to summary denial.  Accordingly, an appeal of the Court's denial of those motions, and the Orders thereon, is frivolous and, therefore, cannot be said to be taken in good faith.  Defendant is represented by counsel who have actively represented him before this Court and in two, pending appeals.  If Defendant's motions (or their appeal) have merit, Defendant has counsel who can represent him in pursuing the issues therein.

---

[5] The quotations are to emphasize that Defendant appears to have no complaints concerning the competency of his attorneys or the zealousness with which they have represented him in these post-trial proceedings and on appeal.

7

Third, the Motion should be denied because Defendant has not made a sufficient showing that he is a pauper. The Eleventh Circuit has explained the contours of evaluating an affidavit claiming indigency as follows:

> An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 338–40, 69 S.Ct. 85, 88–89, 93 L.Ed. 43 (1948). Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.[4] *Id.* at 339, 69 S.Ct. at 89. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. *Id.* at 339–40, 69 S.Ct. at 89.

*Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

To support his request to proceed *in forma pauperis*, Defendant attached to the Motion an affidavit stating that, for the past year, he has had $600.00 in monthly income and $540.00 in monthly expenses. Defendant, an inmate in the custody of the Bureau of Prisons, claimed monthly food expenses of $360.00 and monthly clothing expenses of $30.00. Regardless of the veracity of these claims, the expenses can hardly be said to be necessities for an inmate within the Bureau of Prisons. Further, according to the attached records, Defendant withdrew $4,799.70 from his inmate account in the past six months. And weighed against the claims on the face of the Motion are the undisputed facts that Defendant currently has at least three retained attorneys representing him and Defendant has paid the full filing fee in two pending appeals. In filings before this Court and the Eleventh Circuit, Defendant has explained that he is seeking self-representation because he has exhausted his resources. *See, e.g.*, Doc. 281-1 at 3. But, on this record, the undersigned is not convinced; just within the past six months Defendant has had retained counsel actively litigating this criminal case, has paid the filing fee to pursue one of his now-pending appeals, and has withdrawn $4,799.70 from his inmate account. *See, e.g.*, Docs. 261; 262; 276; 305-1. Thus,

8

given the totality of the circumstances present in this case, Defendant has not adequately convinced the undersigned that he is a pauper for purposes of this third appeal, nor is the undersigned convinced that requiring Defendant to pay the filing fee would force him to abandon his claim.[6]

### III. Conclusion

Accordingly, upon due consideration, it is **RECOMMENDED** that:

1. The Motion (Doc. 305) be **DENIED**;
2. The Court certify the appeal is not taken in good faith; and
3. The Clerk be directed to notify the Eleventh Circuit in accordance with Fed. R. App. P. 24(a)(4).

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 11, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

---

[6] It is noted that 28 U.S.C. § 1915(b) sets forth a method for a court to assess and obtain payment of the filing fee (or a portion thereof) based upon the average monthly deposits or balance within a prisoner's account. And, in appropriate prisoner cases, courts utilize that method to assess the filing fee against prisoners proceeding *in forma pauperis*. But, for the reasons set forth in this Report, it is not recommended that the Court assess the filing fee pursuant to § 1915(b) and allow Defendant to move forward on his appeal *in forma pauperis*.

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant