UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.                                                 Case No: 6:14-cr-43-Orl-41DCI

**DONOVAN G. DAVIS, JR.**
                                                          /

**ORDER**

THIS CAUSE is before the Court on Donovan Davis's Motion seeking permission to appeal *in forma pauperis* ("Motion to Appeal IFP," Doc. 305). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("R&R," Doc. 309), in which he recommends that the Motion be denied. Davis filed Objections (Doc. Nos. 317, 320).

**I.**     **BACKGROUND**

On May 14, 2015, Davis was found guilty of conspiracy, mail fraud, wire fraud, and money laundering. (Verdict, Doc. 142). After trial, but before sentencing, Davis's trial attorneys were permitted to withdraw, (Doc. 169), and attorney Patrick Megaro filed a notice of appearance, (Doc. 163). At sentencing, Davis was represented by attorneys Megaro and Jamie Halscott. (Mins., Doc. 189; *see also* Not. of Halscott Appearance, Doc. 199). Judgment was entered on September 3, 2015, (Doc. 190), and Davis, through attorney Megaro, filed an appeal on the same day, (Doc. 192).[1]

Approximately six months later, a Motion for New Trial (Doc. 212) was filed on Davis's behalf by an individual who was not a licensed attorney. That motion was stricken. (Doc. 213).

---

[1] An Amended Judgement (Doc. 207) was subsequently entered, and attorney Megaro filed an Amended Notice of Appeal (Doc. 208).

The same individual filed a Motion for Reconsideration on Davis's behalf, (Doc. 214), which was also stricken, (Doc. 215). Davis then filed a pro se Motion for New Trial (Doc. 217), even though he was still represented by attorneys Megaro and Halscott. Shortly thereafter, on April 22, 2016, new attorneys—Kellie Tomeo and Thomas Sadaka—filed notices of appearances on Davis's behalf. (Doc. 223). The Court then struck Davis's pro se Motion for New Trial, (*See* Mins., Doc. 228), and Tomeo and Sadaka, with the Court's permission, filed an Amended Motion for New Trial (Doc. 236).[2] The Court denied the Amended Motion for New Trial (Doc. 275), and attorneys Tomeo and Sadaka filed a Notice of Appeal (Doc. 276) on Davis's behalf. Several months later, attorneys Megaro and Halscott were permitted to withdraw. (Doc. Nos. 287, 288). Tomeo and Sadaka remain as counsel of record.

Despite being represented by counsel, Davis filed a pro se Motion for Clarification (Doc. 289), which was stricken because Davis was represented by counsel, (Doc. 290). Nevertheless, Davis continued to file pro se motions. As relevant here, Davis filed a Motion requesting leave to file a pro se second motion for a new trial and seeking the recusal of the undersigned ("Motion to Proceed Pro Se and Recuse," Doc. 295) and a Motion for Clarification (Doc. 297) regarding the Court's Order denying the Motion to Proceed Pro Se and Recuse. The Motion to Proceed Pro Se and Recuse briefly requested that Davis be permitted to file, pro se, a second motion for a new trial. (Doc. 295 at 1). The remainder of the motion rehashed arguments made in the first Motion for New Trial and objected to the analysis set forth in the Order denying the first Motion for a New Trial, purportedly as a basis for recusal. (*Id.* at 1–6). The Court succinctly denied the Motion to Proceed Pro Se and Recuse. (Doc. 296). Davis then filed his Motion for Clarification, which took

---

[2] Tomeo and Sadaka later filed a Second Amended Motion for New Trial (Doc. 241) to correct a scrivener's error.

umbrage with the brevity of the Court's Order denying the Motion to Proceed Pro Se and Recuse and, again, sought leave to file motions pro se despite Davis's continued representation by Tomeo and Sadaka. That motion was also denied. (Doc. 298).

Davis now seeks to appeal *in forma pauperis* this Court's denial of the Motion to Proceed Pro Se and Recuse and the denial of the Motion for Clarification. In his well-reasoned R&R, Judge Irick recommends denying the Motion to Appeal IFP for three reasons: (1) Davis is represented by counsel and cannot file motions pro se; (2) the Motion to Appeal IFP is frivolous and the appeal is not taken in good faith; and (3) Davis is not a pauper for purposes of proceeding *in forma pauperis* on appeal. Davis objects, asserting that he should be permitted to proceed on a "hybrid" representation basis—with his attorneys representing him as to certain issues and proceeding pro se as to other issues. Davis also argues that his motion is not frivolous, that the appeal is taken in good faith, and that he is a pauper.

## II. STANDARD OF REVIEW

The objected-to portions of the R&R are reviewed *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. ANALYSIS

After a thorough review of the record and the Orders at issue, the Court agrees entirely with the analysis in the R&R.

Davis's pro se Motion to Appeal IFP was improper. Attorneys Tomeo and Sadaka both filed general notices of appearance on Davis's behalf, and they have not sought leave or been permitted to withdraw. Therefore, pursuant to this Court's local rules, Davis cannot "take any step or be heard in the case in proper person, absent prior leave of Court." M.D. Fla. L. R. 2.03(d).

Davis did not obtain such leave prior to filing the Motion to Appeal IFP. Further, as discussed above, Davis appears to argue that he is entitled to a "hybrid representation." Davis is incorrect. *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987) ("It is the law of this circuit that the right to counsel and the right to proceed *pro se* exist in the alternative and the decision to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court."); *see also United States v. Dale*, 618 F. App'x 494, 497 (11th Cir. 2015) ("[T]he district court did not abuse its discretion in denying [the defendant's] pro se motion, filed while he was represented, as the . . . local rules prohibited [the defendant] from representing himself while he was represented by counsel."); *United States v. Tannehill*, 305 F. App'x 612, 614 (11th Cir. 2008) ("We have repeatedly held that an individual does not have a right to hybrid representation. . . . Because [the defendant] elected to be represented by counsel, the magistrate court properly struck his *pro se* motion.").

In addition to Davis's pro se motion being improper, it is due to be denied because his appeal is not taken in good faith. As noted by Judge Irick, an appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issues presented are frivolous. *Id.*

In his Objection, Davis asserts that the appeal of the denial of his request for recusal is "far from frivolous" due to baseless allegations of collusion between the undersigned and United States District Judge John Antoon II, who presided over a related civil proceeding. (Doc. 317 at 5). Davis also argues that the appeal of this Court's denial of his request to proceed pro se is not frivolous because he is constitutionally entitled to the previously-discussed "hybrid" representation. (Id. at

3–4). Davis further argues that by denying the Motion to Proceed Pro Se and Recuse, the Court essentially denied the second motion for new trial, which had not yet been filed. (*Id.* at 5).

Davis's arguments regarding recusal are patently frivolous and do not merit further discussion. With regard to the request to file pro se, Davis misunderstands the Court's ruling. Davis was not permitted to file a second motion for a new trial because he was represented by counsel. The Court's reference to its previous Order denying Davis's first Motion for New Trial was in response to the fact that the vast majority of Davis's Motion to Proceed Pro Se and Recuse was a rehashing of the first Motion for a New Trial. Thus, as explained by Judge Irick, Davis's appeal is frivolous and cannot be said to be taken in good faith.

Finally, Judge Irick determined that Davis had not established that he was a pauper for purposes of appealing *in forma pauperis*. Davis asserts merely because his current debt is greater than his current assets, he must be considered a pauper. (*Id.* at 6). Davis cites no authority for this proposition. And Davis indicates that his monthly payment on those debts is only $50.00 per month. (Doc. 305 at 5). Additionally, as noted by Judge Irick, Davis's Affidavit of Indigency indicates that his monthly income is greater than his monthly expenses. (*See generally id.*). Further, despite being in the custody of the Bureau of Prisons, Davis withdrew $4,799.70 from his inmate account within the last six months, purportedly for expenses such as food and clothing. (*See generally id.*). The Court agrees with Judge Irick's determination that Davis has not established that he is a pauper for purposes of appealing *in forma pauperis*.

### IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 309) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Donovan Davis's Motion seeking permission to appeal *in forma pauperis* (Doc. 305) is **DENIED**.

3. The Court certifies that the appeal noticed at Docket Entry 304 is not taken in good faith.

4. The Clerk is directed to notify the Eleventh Circuit in accordance with Federal Rule of Appellate Procedure 24(a)(4).

**DONE** and **ORDERED** in Orlando, Florida on August 9, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record