UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

      **Plaintiff,**

v.                                                                                      Case No: 6:14-cr-43-Orl-41DCI

**DONOVAN G. DAVIS, JR.**

      **Defendant.**

---

**REPORT AND RECOMMENDATION**

On October 23, 2017, Defendant Donovan G. Davis, Jr. filed a "Motion to Return Property Under Rule 41(g)." Doc. 330. In that motion, the Defendant stated that a computer hard drive that the government obtained via a 2009 subpoena was returned to him in October 2017, but that "the government only returned one of six hard drives that [the Defendant] produced in accordance with the 2009 subpoena." *Id*. In seeking relief under Federal Rule of Criminal Procedure 41(g), the Defendant simply stated that: "Mr. Davis requests that the government return to him the remaining hard drives and other property that it obtained through its investigation." *Id*.

In response, the government stated that the remaining hard drives and computer media at issue were seized from the business entity Capital Blu Management LLC, a defunct limited liability company, and not the Defendant. Doc. 336. The government asserted that the Defendant failed to allege, let alone establish, that the property should be returned to him, or that he even had standing to seek return of the property at issue. *Id*. Thus, the government requested that the Court deny the motion without prejudice to the Defendant refiling the motion. *Id*. Thus, the Court denied

that motion without prejudice, and allowed the Defendant to re-file the motion within a prescribed time period. Doc. 337.

On January 8, 2018, the Defendant timely filed the "Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g)" that is now before the Court. Doc. 346 (the Motion). In the Motion, the Defendant asserts that he has a possessory interest in the six hard drives at issue sufficient to establish standing under Rule 41(g). Doc. 346 at 1. At the outset of the Motion, the Defendant explained that, "In June 2009, [the Defendant]'s personal attorney, A. Brian Phillips, delivered six hard drives to Lewis Freeman." *Id*. At that time, Mr. Freeman was the receiver of Capital Blu. Referencing the same exchange, the Defendant later explained that, "it was his agent Attorney Phillips, not Capital Blu's attorney that delivered the hard drives to the government." *Id*. Indeed, the Defendant referenced the "government's" possession of the hard drives throughout the Motion:

> Here it is undisputed (undisputable for the matter) that [the Defendant] had possession of the hard drives and complied with a grand jury directive to transfer temporary possession of the items to the government. Presumably, this is why the Secret Service contacted [the Defendant] when it came time to return the hard drives. ("Exhibit 1" )(Secret Service Letter).
>
> The government has not, however, returned the other five hard drives, nor the information contained on any of the six hard drives.
>
> Federal Rule of Criminal Procedure 41(g) provides for return of seized property. Generally, the rule involves the recovery of unlawfully seized property, but the rule also encompasses recovery of the property that a person has been deprived of.See Fed. R. Crim. P. 41(g) (2012)("A person aggrieved…by deprivation of property may move for the property's return.")
>
> The government received from Donovan Davis's attorney six hard drives that contained electronic copies of the books and records of Capital Blu. The government has had nine years to copy the information in the hard drives, further deprivation of the drives (computers) should no longer be required and is objectively unreasonable. This court should direct the government to return the hard drives and the data within 30 days.

> Wherefore, Mr. Davis respectfully requests this court order the government to return the property.

Doc. 346 at 2. In the attached letter from the United States Secret Service, an agent wrote that: "On 03/01/10, the U.S. Secret Service, Orlando Field Office, obtained an external hard drive with power and USB cords pursuant to a Grand Jury subpoena issued in 2009." Doc. 346-1.

In response, the government states that the six hard drives at issue in the Motion are not in the possession of the government. Doc. 358.[1] In sum, the government explains that, prior to the commencement of this criminal case, the six hard drives at issue were surrendered by Capital Blu to Mr. Freeman, who was the court-appointed receiver in a civil action brought by the Commodity Futures Trading Commission. *Id.* (citing *United States Commodity Futures Trading Commission v. Capital Blue Management, LLC, et al.*, No.6:09-CV-508, at Doc. 8 (M.D. Fla. April 9, 2009) (the CFTC Case)). A log from the receiver, and within the civil case docket, memorialized the transfer of the six hard drives from Mr. Phillips to Mr. Freeman. CFTC Case, Doc. 66 at 2, n. 1 ("Item 30 (BATES 05918 to 05937, produced by A. Brian Phillips, P.A. (D. Davis) - Response to Information Request (includes CD, two DVDs, & 6 hard drives) - Rcvd 6/10/09."). An affidavit from one of the receiver's forensic accountants, filed in the CFTC Case, explains that "all relevant items that had been gathered, were scanned and put onto external hard drives. . . . Identical copies of those hard drives were produced by me to both the CFTC in September 2009 and the U.S. Attorney[']s Office in August 2009." CFTC Case Doc. 111-1 at ¶¶ 3-5. Mr. Freeman eventually resigned as the receiver and was charged with Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349. *See United States v. Lewis B. Freeman*, No. 1:10-cr-20095 (S.D. Fla. (Miami)). There is no further indication in the government's response as to what actually happened to the

---

[1] The government also apologized for not pointing out this issue sooner, but explained that current government counsel was not involved in the investigation of this case. *Id.*

six, physical hard drives that are at issue in the Motion. Separately, the government explains that, on March 1, 2010, "the U.S. Secret Service, Orlando Field Office, obtained an external hard drive with power and USB cords pursuant to a Grand Jury subpoena issued in 2009." Docs. 346-1; 358-1. Finally, the government then represents to the Court that neither the CFTC, nor the investigating law enforcement agencies currently have possession of the six hard drives. Doc. 358 at 4.

Rule 41(g) provides as follows:

> A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Civ. P. 41(g). Implicit to seeking relief pursuant to the Rule is the prerequisite that the government seized the property at issue or deprived a person of that property.

In the Motion, the Defendant alleges that his personal attorney (Mr. Phillips) "delivered six hard drives to" the receiver. Doc. 346 at 1. And the government agrees. Doc. 358. But the Defendant then repeatedly alleges, in a conclusory manner, that the "government" has possession of the six hard drives, which were delivered pursuant to a "grand jury directive," and which the "government" has not returned. Doc. 346 at 1-2. Yet the Defendant fails entirely to explain how the six hard drives came into the possession of the government. Based upon the government's explanation, and the exhibits attached to its response, the simple explanation for that failure is that the six hard drives never came into the possession of the government. While the Defendant attaches a letter from the United States Secret Service as purported support for his claim that the government obtained the six hard drives via grand jury subpoena, that letter references a single hard drive obtained from the Defendant and later returned to the Defendant – not the six hard drives at issue here. Thus, the letter from the United States Secret Service provides no support to

the Defendant's claim.  What the evidence before the Court establishes is that Defendant's attorney provided the hard drives to a court-appointed receiver, who later provided copies of those hard drives to the government.  While the Court cannot determine the final location of the six hard drives at issue, the record supports the government's position that they are not in the possession of the government.  Finally, to the extent that the Motion could be construed as a request for copies of the six hard drives, it would essentially be a discovery motion, and the Defendant has failed entirely to establish any legal or factual basis to seek such discovery.[2]

Accordingly, it is respectfully **RECOMMENDED** that the Defendant's "Motion for Return of Property Under Federal Rule of Criminal Procedure 41(g)" (Doc. 346) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 12, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
United States Marshal
United States Attorney
Pro Se Defendant

---

[2] Because the undersigned believes that this issue is dispositive of the Motion, the Defendant's standing to bring the Motion is not further addressed in this Report.